CHANCERY.

*Case* 90.

*May* 5.

The case stated.

## Graves *vs* Sayre.

### ERROR TO THE SCOTT CIRCUIT.

*Equity of redemption. Hire of mortgaged slaves.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

JAMES F. GRAVES held a mortgage on two slaves, executed on the 22d of April, 1837, by Thomas H. Graves, to indemnify the former as the 'surety of the latter, in a debt which he owed. The debt became due the 22d of October, 1837, and was paid by James F. Graves on the 5th of March, 1838, and on the 14th of the same month, he filed his bill to foreclose the mortgage. After the execution of the mortgage, an execution issued on a judgment against Thomas H. Graves, and was levied on his equity of redemption in said slaves, and the same was sold, and the slaves delivered to Sayre, the purchaser, on his executing bond, under the statute, for their re-delivery, in satisfaction of the mortgage. Sayre hired the slaves

to James F. Graves, the mortgagee, for a certain hire per month, and took from him a bond to restore them, to abide the decree of the Court upon the mortgage.

The Court decreed the sale of the slaves, reserving the question of hire; and upon the coming in of the report of the Commissioner who was appinted to sell, it appearing that the proceeds of the sale was insufficient to pay the debt paid by James F. Graves, as surety, decreed that he was entitled to the hire of the slaves from the time of Sayre's purchase of the equity of redemption, and ordered the bonds given by J. F. Graves, for the hire, to be cancelled. Sayre has appealed to this Court.

Though Graves, the mortgagee, after the forfeiture of the mortgage, had the unquestionable legal right to take possession of the slaves, and apply their services or hire towards discharging the mortgage debt, as was decided by this Court, in the case of *Swigert, &c.* vs *Thomas*, (7 *Dana*, 227,) yet it does not follow that he has a right to the hire from the mortgagor or the purchaser of his equity, without notice of his claim or demand of the possession or hire, *Castleman* vs *O. & J. Belt*, (2 *B. Monroe*, 159.) From the fact that the slaves were left in the possession of the mortgagor, the implication arises, that he was to enjoy the possession and use, and the law will not imply a promise to pay hire, nor can he be made responsible as a wrong doer for the same, until the possession is demanded, or notice given of a claim for hire. Sayre by his purchase, acquired all the rights of the mortgagor, and became no further subject to responsibility for hire; nor will the law imply against him a promise to pay hire, or make him responsible as a wrong doer for the same, until the possession is demanded, or notice given of a claim for hire, *Castleman* vs *Belts, supra*. The hire of the slaves by the complainant, the mortgagee, from Sayre, the purchaser of the equity, is a recognition of Sayre's right to the possession and use of the slaves, and so far from adding strength to the claim of the mortgagee, repells any express or implied claim of right to the possession, as well as any express or implied promise to pay hire. Nor does it follow, from the position assumed by the counsel, that if the mortgagor had retained the posses-

sion, and hired the slaves to the mortgagee, because the latter, having the lien in his own hands, would have had the right to retain the same, and apply it towards the payment of the unsatisfied mortgage debt, that therefore, as Sayre acquired only the mortgagor's rights, and occupied his condition, the mortgagee should be allowed to retain and apply the hire in the same way. The mortgagor was debtor to the mortgagee the whole debt, as well the amount which was not paid, as that which was secured and paid by the sale of the mortgaged slaves. Sayre was not the debtor of the mortgagee. Against his insolvent debtor, the mortgagee might have the equitable right to retain and apply any other fund in his hands of the mortgagor, his debtor, in the same way. But a demand rightfully owing from him to Sayre, who was not his debtor, could not be so applied.

But it appears by the answer of James F. Graves, the mortgagee, to the cross bill of Sayre, in which the former amends his original bill, filed the 2d day of March, 1840, that he sets up and asserts claim to the hire, as necessary, in addition to the probable proceeds of the sale of the mortgaged property, to pay the surety debt which he paid. This assertion of claim to the hire is a demand, and entitles the mortgagee, from that day to the accruing hire, it appearing by the result of the sale, that the proceeds were insufficient to pay the mortgaged debt.

The decree is reversed, and cause remanded, that a decree may be rendered in favor of the complainant, for the hire which accrued from the 2d day of March, 1840, till the said slaves were sold, and that his bill be dismissed for the hire which accrued previous to that time.

*Sayre* for plaintiff: *Robinson & Johnson* for defendant.